# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

LOYCE A. RAY,                    )
                                 )
                 Plaintiff,      )
                                 )
v.                               )      Case No. CIV-09-402-SPS
                                 )
MICHAEL J. ASTRUE,               )
Commissioner of the Social       )
Security Administration,         )
                                 )
                 Defendant.      )

## OPINION AND ORDER

The claimant Loyce A. Ray requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the Commissioner's decision is REVERSED and the case is REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits hhis ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

## Claimant's Background

The claimant was born on September 14, 1973, and he was 31 years old at the time of the most recent administrative hearing (Tr. 256). He has a high school education and has previously worked as a construction laborer, sandblaster helper, spot welder, and oilfield operator's helper. The claimant alleges that he has been unable to work since March 25, 1999 because of depression and neck, back, and shoulder pain.

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on September 15, 2003. ALJ Demos A. Kuchulis conducted an administrative hearing and found that the claimant was not disabled in an opinion dated November 25, 2005. This Court reversed the Commissioner's decision in Case No. CIV-06-141-FHS-SPS, and remanded the case for further proceedings. ALJ Michael Kirkpatrick held a second administrative hearing and once again found that the claimant was not disabled on September 23, 2008. The Appeals Council denied review, so the September 23, 2008 opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b), but could stoop or crouch only occasionally and perform only simple, routine unskilled tasks not requiring interaction with the general

public (Tr. 27).  The ALJ concluded that although the claimant was unable to perform his past relevant work, he was nevertheless not disabled because there was other work that he could perform existing in significant numbers in the national economy, *i. e.*, bakery racker, housekeeper/cleaner, and hand bander/bagger (Tr. 37).

## Review

The claimant contends the ALJ erred by failing to properly analyze the medical evidence, *i. e.*, the opinions of state agency psychologists Cynthia Kampschaefer and Marilyn McKinney and the opinion of her treating physician Dr. James R. Barrett.  The Court finds that the ALJ *did* err by failing to properly analyze the medical evidence and follow the instructions of this Court in Case No. CIV-06-141-SPS on remand.

The claimant contended in her previous appeal to this Court (Case No. CIV-06-141-SPS) that the ALJ had erred: (i) by failing to properly evaluate the medical evidence; (ii) by finding that the claimant had the RFC to perform substantial gainful activity; and (iii) by failing to properly analyze his credibility.  The Court agreed, observing that the ALJ had erred, *inter alia*, by failing to properly analyze the weight afforded the various medical opinions in the record, *i. e.*, the opinions of state agency examining physicians, Dr. R. J. Helton and Dr. Everett Bayne and the opinions of state agency reviewing physicians Dr. Margaret McKinney, Ph.D. and Dr. Cynthia Kampschaefer, Psy. D. (addressing claimant's mental health limitations).  *See Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record, although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a

series of specific factors in determining what weight to give *any* medical opinion."),
*citing Goatcher v. United States Department of Health & Human Services,* 52 F.3d 288,
290 (10th Cir. 1995). This Court therefore instructed the ALJ to discuss the opinions of
Dr. Helton and Dr. Bayne and explain the weight he was assigning to those opinions.
The ALJ was undoubtedly obliged to follow these instructions on remand, *see Grigsby v.
Barnhart,* 294 F.3d 1215, 1218 (10th Cir. 2002) ("Although primarily applicable between
courts of different levels, the [law-of-the-case] doctrine and the mandate rule apply to
judicial review of administrative decisions, and 'require[ ] the administrative agency, on
remand from a court, to conform its further proceedings in the case to the principles set
forth in the judicial decision, unless there is a compelling reason to depart.'"), *quoting
Wilder v. Apfel,* 153 F.3d 799, 803 (7th Cir. 1998). *See also Brachtel v. Apfel,* 132 F.3d
417, 420 (8th Cir. 1997) ("[I]f the District Court actually found that Brachtel needed to
lie down, the ALJ would be bound by that finding."), but he did not do so; he essentially
re-inserted his discussion from the previous opinion without explanation as to the weight
he was assigning to the opinions (Tr. 31).

Furthermore, the ALJ failed even to discuss the opinion he found convincing, *i. e.*,
the opinion of state agency physician Dr. Vallis D. Anthony (Tr. 484-91). *See* Soc. Sec.
Rul. 96-6p (the ALJ "must consider and evaluate any assessment of the individual's RFC
by a State agency medical or psychological consultant and by other program physicians
and psychologists."). *See also Hamlin*, 365 F.3d at 1223 ("If an ALJ intends to rely on a
nontreating physician or examiner's opinion, he must explain the weight he is giving to
it."), *citing* 20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii). The *only* mention of Dr.

Anthony's opinion is the inclusion of his findings in the claimant's RFC: "The claimant has the [RFC] to perform light work . . . except he is able to stoop and able to crouch no more than occasionally.  . . . (thus agreeing with the State Agency Exhibit C13F mental residual functional capacity analysis and the Exhibit C17F physical residual functional capacity analysis" (Tr. 27-28).  But the Court specifically instructed the ALJ in Case No. CIV-06-141-FHS-SPS to "be specific as to which opinion he is considering and *discuss the weight given to the opinion* accordingly." *See* Docket No. 18, p. 5, fn. 2 [emphasis added].  This was particularly important to do here because Dr. Barrett (the claimant's treating physician) limited him to "no bending, no pushing or pulling over ten pounds, no lifting or carrying over ten pounds, primary sitting or sedentary work where he is able to get up and stretch every hour" (Tr. 455).  Because there was no meaningful discussion of Dr. Anthony's opinion generally, there was likewise no discussion specifically of why the ALJ found that opinion preferable to Dr. Barrett's.  *See, e. g., Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all.  Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the non-examining, consulting-physician opinion of Dr. Walker absent a legally sufficient explanation for doing so.").  *See also Reid v. Chater,* 71 F.3d 372, 374 (10th Cir. 1995) ("A treating physician's opinion is favored over an opinion offered by a consulting physician."), *citing Talbot v. Heckler,* 814 F.2d 1456, 1463 (10th Cir. 1987).

Because the ALJ failed to properly analyze the evidence in the case, the decision of the Commissioner must again be reversed and the case again remanded to the ALJ for further proceedings. On remand, the ALJ must analyze all of the physicians' opinions in the record in accordance with the controlling authorities and the instructions of the Court in this case and Case No. CIV-06-141-FHS-SPS. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work he can perform, if any, and ultimately whether he is disabled.

### Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED, and the case is REMANDED for further proceedings consistent herewith.

**DATED** this 31st day of March, 2011.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma